CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Jane VanLare
Adam Brenneman

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Automotores Gildemeister SpA, *et al.*,[1] | Case No.: 21-10685 |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE
TIME, AND, UPON THE EFFECTIVE DATE OF THE PLAN, WAIVING THE
REQUIREMENT TO FILE SCHEDULES, STATEMENTS OF FINANCIAL
AFFAIRS AND FINANCIAL REPORTS FOR NON-DEBTOR SUBSIDIARIES**

**("SCHEDULES EXTENSION/WAIVER MOTION")**

Automotores Gildemeister SpA ("Gildemeister") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (i) extending the time for the Debtors to file schedules,

---

[1] The Debtors, together with each of the Debtor's Chilean, Brazilian, and/or Uruguayan tax identification number, as applicable, are: Automotores Gildemeister SpA (79.649.140-K), AG Créditos SpA (76.547.689-5), Marc Leasing, S.A. (96.658.270-7), Fonedar S.A. (216288040014), Camur S.A. (216589740015), Lodinem S.A. (217115010014), Carmeister S.A. (96.630.690-7), Maquinaria Nacional S.A. (Chile) (96.812.980-5), RTC S.A. (89.414.100-K), Fortaleza S.A. (76.856.380-2), Maquinarias Gildemeister S.A. (78.862.000-8), Comercial Gildemeister S.A. (76.856.310-1), and Bramont Montadora Industrial e Comercial de Vehiculos S.A. (04.926.142/0002-16). The location of the corporate headquarters and the service address for Automotores Gildemeister SpA is: 11000 Avenida Las Condes Vitacura, Santiago, Chile.

including of assets and liabilities, and statements of financial affairs (collectively, the "Schedules and Statements") and financial reports for non-debtor subsidiaries (the "Financial Reports" and, together with the Schedules and Statements, the "Bankruptcy Rule Disclosures") through and including the date that is sixty (60) days after the date required under Bankruptcy Rule 1007(c) (the "Deadline"); (ii) waiving the requirement that the Debtors file the Bankruptcy Rule Disclosures upon the effective date of the Debtors' prepackaged chapter 11 plan (the "Plan") if the effective date of the Plan occurs on or before the Deadline; and (iii) granting the Debtors such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors rely on the *Declaration of Eduardo Moyano in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration").[2]  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 1007 and 2015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

2

## BACKGROUND[3]

**A.    The Chapter 11 Filings**

4.    On April 12, 2021, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date and time of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

**B.    The Debtors' Businesses**

5.    The Debtors are a vehicle importer and distributor primarily operating in Chile and Peru, as well as in Uruguay, Costa Rica and Brazil. The Debtors consist of a network of 228 vehicle dealerships, of which 70 are operated by the Debtors and 158 are independent franchises appointed and supplied by the Debtors. The Debtors have been the sole distributer of passenger and light commercial vehicles produced by Hyundai Motor Company in Chile since 1986 and have been the sole distributor of Hyundai passenger and light commercial vehicles in Peru since 2002. The Debtors are the sole distributors of several other established global vehicle brands, such as Volvo, Jaguar and BMW. The Debtors also provide services authorized by their original equipment manufacturers ("OEMs"), provide OEM parts for the brands of the cars they distribute and offer insurance brokerage services to their customers.

6.    As of the Petition Date, the Debtors have outstanding prepetition debt obligations of approximately $566,690,000, consisting primarily of approximately $509,806,002 in outstanding principal amount and $11,290,079 in accrued and unpaid interest under the 7.50%

---

[3]    A more complete description of the Debtors' corporate structure and businesses, and the events leading to the Chapter 11 Cases, are set forth in the First Day Declaration and the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Automotores Gildemeister SpA and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") (ECF No. 3).

3

senior secured notes due 2025 that were issued by Gildemeister and guaranteed by the remaining Debtors (the "7.5% Notes due 2025"). The Debtors also have approximately $34,760,520 outstanding aggregate principal amount and $967,730 in accrued and unpaid interest under three series of outstanding unsecured notes issued by Gildemeister and guaranteed by certain of the Debtor entities (collectively, the "Unsecured Legacy Notes"), and $1,943,500 in debt obligations owed to Gildemeister's shareholder (the "Related Party Claims").

**C.     The Proposed Restructuring**

7.     Since the issuance of the 7.5% Notes due 2025 in 2019, the Debtors' cash flows have not grown to a level sufficient to support the Debtors' existing debt obligations on their current terms. Due to a number of factors, including the recent increase in competition, a decrease in demand for motor vehicles in Chile, Peru and the rest of the Latin American region, substantial depreciations in the Chilean Peso, and the government mandated lockdowns due to the COVID-19 pandemic, the Debtors determined that it would be necessary to restructure their outstanding debt in order to meet their financial obligations over the long term.

8.     To that end, in the months prior to the Petition Date, the Debtors engaged in extensive negotiations and discussions with the holders of the 7.5% Notes due 2025. These discussions culminated in an agreement with certain of the holders of the 7.5% Notes due 2025 (the "Initial Consenting Noteholders") and of Related Party Claims, who signed a restructuring support agreement with respect to a consensual restructuring on the terms set forth in the *Debtors' Joint Prepackaged Chapter 11 Plan*, dated April 9, 2021 (including all exhibits and supplements thereto, the "Plan") and as memorialized in the Restructuring Support Agreement, dated as of March 31, 2021 (the "RSA"), by and among each of the Debtors and the Initial Consenting Noteholders. Additional holders of 7.5% Notes due 2025 subsequently executed joinder agreements to the RSA (the "Joining Consenting Noteholders", together with the Initial

4

Consenting Noteholders, the "Consenting Noteholders") prior to the Petition Date. Together, the Consenting Noteholders hold or will hold approximately 90.9% of the outstanding 7.5% Notes due 2025.[4] Pursuant to the terms of the RSA, 90.9% of holders of Claims (as defined in the Plan) in Class 4 (the 7.5% Notes due 2025 Secured Claims (as defined in the Plan)), and 69.3% of holders of Claims in Class 5 (consisting of the 7.5% Notes due 2025 Unsecured Deficiency Claims (as defined in the Plan), Unsecured Notes Legacy Claims (as defined in the Plan) and the Related Party Claims) have agreed to support the Plan.

9. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated by reference herein.

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek entry of the Proposed Order (i) extending the time for the Debtors to file the Bankruptcy Rule Disclosures through and including the Deadline (which is sixty (60) days after the date required under Bankruptcy Rule 1007(c)), without prejudice to the Debtors' right to request additional extensions should it become necessary, (ii) waiving the requirement that the Debtors file the Bankruptcy Rule Disclosures upon the effective date of the Plan if the effective date occurs on or before the Deadline and (iii) granting the Debtors such other and further relief as the Court deems just and proper.

---

[4] As of the Petition Date, certain of the existing Holders of the 7.5% Notes due 2025 have sold their ownership interest in their 7.5% Notes due 2025 to certain of the Joining Consenting Noteholders. The transfer of this ownership interest is anticipated to close soon after the Petition Date.

5

**BASIS FOR RELIEF**

**A.     Cause Exists to Extend the Time for Filing of the Bankruptcy Rule Disclosures**

11.     Section 521 of the Bankruptcy Code requires debtors to file certain schedules and statements, unless the court orders otherwise. 11 U.S.C. § 521(a)(1). The Bankruptcy Rules require further disclosures. Rule 1007 requires that debtors file schedules and statements within fourteen (14) days after the petition date. Fed. R. Bankr. P. 1007(c). Bankruptcy Rule 2015.3 requires that debtors file financial reports on the value, operations and profitability of non-publicly traded and non-debtor entities in which they hold a substantial or controlling interest no later than seven days before the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. Fed. R. Bankr. P. 2015.3.

12.     Bankruptcy Rules 1007 and 2015.3 provide that the court may vary these requirements for "cause." Fed. R. Bankr. P. 1007(c) (extension of time to file schedules and statements may be granted "on motion for cause shown"); Fed. R. Bankr. P. 2015.3(d) (the court may vary the reporting requirements "for cause"). Variance for cause merely requires that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice to the adverse party." *See Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (citations omitted).

13.     The Court's grant of an extension of time to file the Bankruptcy Rule Disclosures through and including the Deadline is necessary and appropriate under the circumstances of these prepackaged Chapter 11 Cases. On the date hereof, the Debtors have filed a prepackaged chapter 11 plan and anticipate consummation of such plan during the next fifty (50) days. Given this compressed time frame, the Debtors' resources would be better focused on stabilizing their

6

business operations and focusing on finalizing the documentation necessary to implement the transactions contemplated by the Plan rather than working to finalize the Schedules and Statements.

14.     In addition, the Debtors—consisting of thirteen entities, whose operations span multiple countries—have numerous creditors (many of whom are foreign creditors located outside of the United States), and, therefore, the ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records and accounting systems.  Accordingly, substantial time is required for the Debtors to compile the vast amount of information necessary to complete the Schedules and Statements and Financial Reports.  Furthermore, no party in interest will be prejudiced by the Court granting the Debtors' request for an extension through and including the Deadline given the prepackaged nature of the Chapter 11 Cases.  The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs.  Accordingly, "cause" exists under Bankruptcy Rules 1007 and 2015.3 to grant the requested extension.

15.     Courts in this district have granted relief similar to that requested herein. *See*, *e.g.*, Order, *In re Grupo Famsa S.A.B. de C.V.*, Case No. 20-11505 (SCC) (Bankr. S.D.N.Y. June 30, 2020), ECF No. 21 (granting 45-day extension and waiving requirement to file schedules and statements if plan goes effective prior to expiration of extension deadline); Order, *In re Maxcom USA Telecom, Inc.*, Case No. 19-23489 (RDD) (Bankr. S.D.N.Y. Aug. 21, 2019), ECF No. 25 (same);  Order, *In re Inversiones Alsacia S.A.*, Case No. 14-12896 (MG) (Bankr. S.D.N.Y. Oct. 16, 2014), ECF No. 34 (granting 60-day extension and waiving requirement to file schedules and statements if plan goes effective prior to expiration of extension deadline); Order, *In re Am. Roads LLC*, Case No. 13-12412 (BRL) (Bankr. S.D.N.Y. July 26, 2013), ECF No. 36 (same); Order, *In*

*re Newland Int'l Props. Corp.*, Case No. 13-11396 (MG) (Bankr. S.D.N.Y. May 1, 2013), ECF No. 24 (same).[5]

**B.      Waiver of the Requirement to File the Bankruptcy Rule Disclosures is Warranted**

16.     Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This section thus gives courts "broad authority to grant relief that is in the best interest of the debtors and their estates." *Gustavia Home, LLC v. Rutty*, No. 16-cv-2823 (BMC), 2018 WL 2198742, at *4 (E.D.N.Y. May 14, 2018). In light of the facts and circumstances surrounding these Chapter 11 Cases, the Court has authority, consistent with section 521(a) of the Bankruptcy Code, to grant a waiver of the requirement that the Debtors file the Bankruptcy Rule Disclosures as requested herein. In addition, courts in this district have granted relief similar to that requested herein. *See*, *e.g.*, Order, *In re Grupo Famsa S.A.B. de C.V.*, Case No. 20-11505 (SCC), ECF No. 21 (granting 45-day extension and waiving requirement to file schedules and statements if plan goes effective prior to expiration of extension deadline); Order, *In re Maxcom USA Telecom, Inc.*, Case No. 19-23489 (RDD), ECF No. 25 (same); Order, *In re Inversiones Alsacia S.A.*, Case No. 14-12896 (MG), ECF No. 34 (granting 60-day extension and waiving requirement to file schedules and statements if plan goes effective prior to expiration of extension deadline); Order, *In re Am. Roads LLC*, Case No. 13-12412 (BRL), ECF No. 36 (same); Order, *In re Newland Int'l Props. Corp.*, Case No. 13-11396 (MG), ECF No. 24 (same).

17.     A waiver of the requirement that the Debtors file the Bankruptcy Rule Disclosures effective upon the effective date of the Plan, if the effective date of the Plan occurs on or before

---

[5]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

8

the Deadline, is appropriate here. As stated previously, in light of the nature of the Debtors' operations, the Debtors require significant time to prepare the Bankruptcy Rule Disclosures. Indeed, the Debtors would expect to be in a position to file the Bankruptcy Rule Disclosures at approximately the same time that the Debtors expect to emerge from bankruptcy. Accordingly, no party in interest would be prejudiced if the requirement that the Debtors file the Bankruptcy Rule Disclosures is waived. Finally, preparing the Bankruptcy Rule Disclosures would cause the Debtors to incur substantial expense and would burden the Debtors' employees at a time when such employees will be responsible for implementing or preparing to implement the Plan.

## **NOTICE**

18. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; and (f) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **NO PRIOR REQUEST**

19. No prior motion for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated: April 13, 2021
       New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

<u>/s/ Jane VanLare</u>
Jane VanLare
Adam Brenneman

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel for the Debtors
and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Automotores Gildemeister SpA, *et al.*,[1] | Case No.: 21-10685 |
| Debtors. | Joint Administration Pending |

**ORDER EXTENDING THE TIME, AND, UPON THE EFFECTIVE
DATE OF THE PLAN, WAIVING THE REQUIREMENT TO FILE
SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS AND
FINANCIAL REPORTS FOR NON-DEBTOR SUBSIDIARIES**

**("SCHEDULES EXTENSION/WAIVER ORDER")**

Upon the motion (the "Motion")[2] of Automotores Gildemeister SpA ("Gildemeister") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, (i) extending the time for the Debtors to file the Bankruptcy Rule Disclosures through and including the date that is sixty (60) days after the date that is required under Bankruptcy Rule 1007(c) (the "Deadline") and (ii) waiving the requirement that the Debtors file the Bankruptcy Rule Disclosures upon the effective date of the Debtors' prepackaged chapter 11 plan (the "Plan") if the effective date occurs on or before the Deadline; and upon the *Declaration of Eduardo Moyano in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration") filed concurrently with the Motion; and the Court having jurisdiction over this matter

---

[1] The Debtors, together with each of the Debtor's Chilean, Brazilian, and/or Uruguayan tax identification number, as applicable, are: Automotores Gildemeister SpA (79.649.140-K), AG Créditos SpA (76.547.689-5), Marc Leasing, S.A. (96.658.270-7), Fonedar S.A. (216288040014), Camur S.A. (216589740015), Lodinem S.A. (217115010014), Carmeister S.A. (96.630.690-7), Maquinaria Nacional S.A. (Chile) (96.812.980-5), RTC S.A. (89.414.100-K), Fortaleza S.A. (76.856.380-2), Maquinarias Gildemeister S.A. (78.862.000-8), Comercial Gildemeister S.A. (76.856.310-1), and Bramont Montadora Industrial e Comercial de Vehiculos S.A. (04.926.142/0002-16). The location of the corporate headquarters and the service address for Automotores Gildemeister SpA is: 11000 Avenida Las Condes Vitacura, Santiago, Chile.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

      1.    The Motion is granted to the extent set forth herein.

      2.    The time within which the Debtors shall file the Bankruptcy Rule Disclosures is extended through and including the Deadline, without prejudice to the Debtors' right to seek further extensions of the time within which to file the Bankruptcy Rule Disclosures or to seek additional relief from the Court regarding the filing of, or waiver of the requirement to file, the Bankruptcy Rule Disclosures.

      3.      The requirement that the Debtors file the Bankruptcy Rule Disclosures may be waived upon the effective date of the Plan, provided the effective date of the Plan occurs on or before the Deadline (or as such date may be extended by further order of this Court).

      4.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

      5.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021
      New York, New York

                                                   United States Bankruptcy Judge